**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

SCOTT DONALD WEILE,

   Plaintiff,

  v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General MICHAEL
MUKASEY, FEDERAL BUREAU OF
PRISONS, Director HARLEY LAPPIN,
OFFICE OF GENERAL COUNSEL, MILAN
FEDERAL CORRECTIONAL
INSTITUTION, DESIGNATION AND
SENTENCING COMPUTATION CENTER,
LISA AUSTIN, Senior Designator, SONJA
COLE, Assistant General Counsel, DEBRA
THORNQUIST, Administrative Assistant,
ERIC – NAME UNKNOWN, REBECCA
TAMEZ, Chief, Case Manager CALL,
Unit Manager ARDETTE MOODY, Assoc.
Warden RYMER, Warden EICHENLAUB,
Case Manager ROBIN WILSON, and
Acting Associate Warden T.C. RHODES,

   Defendants.

Civil No. 08-6216 (JRT/JJK)

**REPORT AND
RECOMMENDATION**

---

   This matter is before the undersigned United States Magistrate Judge on

Plaintiff's "Application To Proceed Without Prepayment of Fees," (Doc. No. 3), by which

he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. §

1915.  The matter has been referred to this Court for report and recommendation under

28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is

recommended that Plaintiff's IFP application be denied, and that the action be

dismissed without prejudice.

Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983.  He did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP.  The Court previously reviewed Plaintiff's IFP application, and noted that (i) the application was incomplete, because it did not include the current certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by this Court's order of December 4, 2008.  (Doc. No. 4.)  That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1).  The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired.  To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee, nor has he offered any excuse for his failure to do so.  Indeed, Plaintiff has not communicated with the Court at all since he commenced this action.  Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this

action, and that the action be summarily dismissed without prejudice.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's Application to Proceed Without Prepayment of Fees, (Doc. No. 3), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 6, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 21, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.